IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE GROVE FOSTER CARE AGENCY,<br><br>        Defendant. | Case No. 18-cv-00442-DKW-KSC<br><br>**ORDER TO SHOW CAUSE AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On November 9, 2018, Plaintiff Ronald Satish Emrit, proceeding pro se, filed a Complaint against Apple Grove Foster Care Agency (AGFCA). Dkt. No. 1. Emrit also filed an application to proceed *in forma pauperis* ("IFP Application").[2] Dkt. No. 3. Because Emrit has shown an inability to pay or give security for the filing fee, the IFP Application is GRANTED. However, because it appears that Emrit filed this action in the wrong venue, he is ORDERED TO SHOW CAUSE why this case should not be dismissed without prejudice.

---

[1] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

# **ORDER GRANTING LEAVE TO PROCEED IFP**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Emrit has made the required showing under Section 1915(a). In the IFP Application, Emrit states that his sole monthly income is disability payments of $805. Further, Emrit states he has about $400 in a checking account, and owns no automobile, real property, or other assets exceeding $30 in value. Further, Emrit states that three individuals owe him about $4,500 in total. Further, Emrit states that he has regular monthly expenses totaling $730. In light of these figures, Emrit's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2018 Poverty Guidelines. *See* HHS Poverty Guidelines, available at:

https://www.federalregister.gov/documents/2018/01/18/2018-00814/annual-update-of-the-hhs-poverty-guidelines. In addition, Emrit has insufficient assets to provide security. As a result, the Court GRANTS the IFP Application, Dkt. No. 3.

## ORDER TO SHOW CAUSE

The Court liberally construes the pro se Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

In his Complaint,[3] Emrit asserts that he is a resident of Nevada, with a mailing address in Nevada. Compl. ¶ 4, Dkt. No. 1. Emrit further asserts that AGFCA has various locations throughout the country, with a principal place of business in Nevada. *Id.* ¶ 5. Plaintiff makes no allegation, though, that AGFCA operates in Hawaii. Moreover, even a liberal construction of the Complaint does not reflect that any of the underlying events took place in Hawaii. It is perhaps not surprising, therefore, that Emrit does not appear to have intended to file this case in this District. Notably, in the Complaint, Emrit argues that the U.S. District Court for the Central District of California has jurisdiction over this case on the grounds of diversity and federal question. *Id.* ¶¶ 10-11.

In this light, even without Emrit's argument concerning which district has jurisdiction, the factual allegations of the Complaint do not suggest that venue is proper in Hawaii. *See* 28 U.S.C. § 1391(b).[4] When Emrit's assertion regarding

---

[3] In the Complaint, Emrit appears to assert that Title VII of the Civil Rights Act has been violated, his privacy has been invaded, and he was the victim of negligence.

[4] Section 1391(b) provides that venue is proper in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to a court's personal jurisdiction.

jurisdiction is added to the factual allegations, it seems clear that this case should not be brought in this District.

However, so the record is clear, the Court will allow Emrit an opportunity to show cause why this case should not be dismissed without prejudice in light of the clear deficiencies regarding venue in the Complaint. *See* 28 U.S.C. § 1406(a);[5] *see also Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (explaining that a district court can raise the issue of improper venue on its own motion).

Emrit may have until **December 7, 2018** to respond to this Order to Show Cause. **The Court forewarns Emrit that failure to file a response by December 7, 2018 will result in the dismissal of this case without prejudice.**

IT IS SO ORDERED.

Dated: November 20, 2018 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

---

*Ronald Satish Emrit v. Apple Grove Foster Care Agency*; Civil No. 18-00442 DKW-KSC;
**ORDER TO SHOW CAUSE AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**

---

[5]Section 1406(a) provides that a district court "in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."