IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE GROVE FOSTER CARE AGENCY,<br><br>    Defendant. | Case No. 18-cv-00442-DKW-KSC<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On November 9, 2018, Plaintiff Ronald Satish Emrit, proceeding pro se, filed a Complaint against Apple Grove Foster Care Agency (AGFCA). Dkt. No. 1. Emrit also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3. In a November 20, 2018 Order, the Court granted the IFP Application, but ordered Emrit to show cause why this case should not be dismissed in light of evident venue issues with the allegations in the Complaint. Emrit was permitted until December 7, 2018 to respond to the Order to Show Cause. Over a month after that deadline, no response has been received. As a result, because the allegations of the Complaint clearly reflect that venue is improper in Hawaii, and because Emrit's claims are frivolous, this action is dismissed without prejudice.

As discussed in the November 20, 2018 Order, in his Complaint, Emrit asserted that he is a resident of Nevada, with a mailing address in Nevada. Compl. ¶ 4, Dkt. No. 1. Emrit further asserted that AGFCA has various locations throughout the country, with a principal place of business in Nevada. *Id*. ¶ 5. Plaintiff made no allegation, though, that AGFCA operates in Hawaii, and, even a liberal construction of the Complaint did not reflect that any of the underlying events took place in Hawaii.[1]

In this light, the factual allegations of the Complaint reflect that venue is improper in Hawaii. *See* 28 U.S.C. § 1391(b).[2] Emrit's failure to respond to the Order to Show Cause provides no reason to think otherwise.[3] The only remaining

---

[1] As the Court further noted, it was perhaps not surprising that Emrit did not appear to have intended to file this case in this District. Notably, in the Complaint, Emrit argued that the U.S. District Court for the Central District of California had jurisdiction over this case on the grounds of diversity and federal question. *Id*. ¶¶ 10-11.

[2] Section 1391(b) provides that venue is proper in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to a court's personal jurisdiction. Based upon the allegations of the Complaint, it appears that the only district in which venue would be proper is Nevada, as Plaintiff alleges that AGFCA has its principal place of business in Nevada, while failing to allege where any of the factual events took place.

[3] The Court notes that at least three addresses can be gleaned from the record as possible mailing addresses for Emrit. At different times, the Court has used all three addresses to mail documents, including the Order to Show Cause, to Emrit, only to have them returned as undeliverable. *See* Dkt. Nos. 8, 9, 10, 12. In addition, on January 8, 2019, Emrit left a voice message on the Chambers telephone line for the undersigned, stating that he understood the Court had received returned mail, this was because he is in the process of moving to Iowa, and

issue, therefore, is whether this case should be transferred to a District in which it could have been brought. *See* 28 U.S.C. § 1406(a).[4] The Ninth Circuit Court of Appeals has explained that "transfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith." *Amity Rubberized Pen Co. v. Market Quest Group Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (addressing Section 1631 of Title 28).

Here, Emrit first alleges that his civil rights under Title VII of the Civil Rights Act were violated. It is not clear how Emrit's civil rights were violated, but it appears related to his assertion that he would have been an excellent foster parent. *See* Compl. ¶ 21. What is clear, though, is that the alleged violation is not based upon any employment relationship between Emrit and AGFCA. Therefore, Title VII does not apply here. *See Lutcher v. Musicians Union Local*

---

he will have a new address within the next month. Emrit asks whether, once he has a new address, he should file a notice of change of address or phone the Clerk's Office to inform about his address change. Regardless, a party cannot place a case on hold while he attempts to move and leave the Court guessing as to his whereabouts. It is not the Court's obligation to conduct nationwide research to locate an individual litigant. Instead, a pro se party is required to comply with all applicable rules, including providing notice of any change in address. Local Rules 83.13, 83.1(h). It is, thus, incumbent upon a party to provide the Court with an address to which mail from the Court can be delivered. Because the Court has attempted to mail the Order to Show Cause to three different known addresses, to the extent Emrit has not received a copy of the same, the fault lies with him, and there is no reason to delay moving forward with this Order.
[4]Section 1406(a) provides that a district court "in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

*47*, 633 F.2d 880, 883 (9th Cir. 1980) (explaining that "there must be some connection with an employment relationship for Title VII protections to apply.").

Next, Emrit alleges that he was painted in a "false light" when an employee for AGFCA "mentioned something about getting a temporary restraining order (TRO) against the plaintiff and Nicole [M]endez merely because we had been arguing with one of her co-workers/employees and demanded answers from this employee who apparently was pregnant unbeknownst to Miss Mendez and [Emrit]." Compl. ¶ 23 (quotation marks omitted). As alleged, this claim is without doubt frivolous. *See Flowers v. Carville*, 310 F.3d 1118, 1132 (9th Cir. 2002) (explaining that a false light claim "requires at least an implicit false statement of objective fact" and "actual malice").

Finally, Emrit alleges that AGFCA was negligent when one of its employees interviewed Emrit and "was so ignorant that she thought that [Emrit] said that he had a GED degree when [Emrit] clearly articulated (more than once) that [he] has a JD or juris doctorate degree." Compl. ¶ 30 (quotation marks omitted). Plaintiff asserts that "underestimating the educational background of a potential foster parent is negligent at best." This claim is time-barred, though, because the Complaint was filed in November 2018 and Emrit alleges that the events alleged therein took place "around the latter part of 2014 and early parts of 2015." *See*

4

*Masachi v. Ryan*, 2011 WL 4571898, at *3 (D. Nev. Sep. 29, 2011) (stating that, in Nevada, claims of negligence are governed by a two-year statute of limitations); Compl. ¶ 14.[5] As a result, this claim is also frivolous.

Therefore, because all of Emrit's claims are frivolous, the Court finds that transfer is not in the interests of justice, and, pursuant to Section 1406, DISMISSES this action WITHOUT PREJUDICE. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: January 15, 2019 at Honolulu, Hawai'i.

/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

[5]The Court notes that, in the same paragraph, Emrit appears to accept that, at the very least, a three-year statute of limitations applies in this case. *See* Compl. ¶ 14. Even were the Court to apply Emrit's erroneous understanding, however, more than three years have passed between the alleged occurrence of the underlying events and the filing of the Complaint.

5